## Davis v. World Mutual Health and Accident Insurance Company of Pennsylvania

*Ditter & Jenkins,* for plaintiffs.

GROSHENS, J., February 27, 1963.—This matter is before the court on plaintiffs' motion to strike off defendant's answer and new matter.

The complaint alleges that plaintiffs' minor daughter was a high school student, insured by defendant during the school year which began in September, 1960, under a "student accident policy". The policy insured "... against ... loss due to hospital, nurse, and medical expenses, resulting directly and independently of all

other causes from accidental bodily injury . . ." The insured was to be covered while "(e)ngaged in practicing for or participation in any covered athletic contest, provided such practice or participation is under the supervision and direction of duly delegated school authorities."

The insured injured her right knee three times during the school year in question: On October 10, 1960, while practicing for an athletic contest, on October 26, 1960, while participating in an athletic contest, and again on December 5, 1960, while practicing for an athletic contest. After the third mishap it was necessary for the insured to undergo surgery on her knee. Recovery is sought for the cost of the surgery in the amount of $492.15.

The insurance company filed an answer, admitting all of the above facts, and new matter claiming that the injury was not "accidental" because the insured "wilfully exposed herself to an unreasonable risk of harm" by taking part in athletics while injured.

Plaintiffs then filed this motion to strike off the answer and new matter in which they assert that, since the occurrences were clearly accidental, and since the insurance policy contains no exclusion for voluntary exposure to unreasonable harm, defendant has not alleged a valid defense.

There is no clause in the policy excluding accidental injury due to a voluntary exposure to unnecessary or unreasonable danger. Therefore the insured's injury is covered unless it was not "accidental".

We do not think that exposing oneself to this kind of risk prevents a resulting injury from being accidental. Accidental ". . . expresses the thought of an event occurring without design or purpose on the part of the assured": Kraftsow v. Brown, 172 Pa. Superior Ct. 581, 585 (1953).

In the instant case the injury clearly occurred without design or purpose. Many high school students participate in vigorous athletics, a fact which defendant's policy recognized by its specific coverage of these activities. There is some risk of injury involved, and some risk that an injury will be aggravated if the injured person attempts to return to active participation in athletics too soon. This is the type of conduct expected of young people, and these are the risks which an insurance company undertakes to cover in a policy of this type. The insured may not have acted wisely, but there is nothing to indicate that the injury was not accidental.

Counsel for defendant has agreed that this motion be treated as a motion for judgment on the pleadings if we should find for plaintiffs.

And now, February 27, 1963, plaintiff's motion is allowed, and judgment is entered against defendant for $492.15.